**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAMIL MASAKOV,<br><br>                                              Petitioner,<br><br>     v.<br><br>CHRISTOPHER J. LAROSE, *et al.*,<br><br>                                              Respondents. | Case No. 26-cv-02824-BAS-DEB<br><br>**ORDER:**<br><br>**(1)  GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1); AND**<br><br>**(2)  DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 2)** |

Petitioner Shamil Masakov filed a habeas petition pursuant to 28 U.S.C. § 2241, claiming he was improperly detained after he was paroled into the United States.  (ECF No. 1.)  The Government responds.  (ECF No. 5.)  For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as he was previously released.  In light of this ruling, the Court finds the Motion for a Temporary Restraining Order ("TRO") (ECF No. 2) is moot.

- 1 -

26cv2824

## I.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.   STATEMENT OF FACTS

Petitioner, a citizen of Russia, applied for admission to the United States on September 5, 2021. (Pet. ¶¶ 2–3, ECF No. 1.) He was paroled into the United States after Border Patrol determined he was not a flight risk or danger to the community. (*Id.* ¶ 4.) Petitioner has no criminal history and alleges he has been compliant with all conditions of his immigration parole. (*Id.* ¶ 6.) In April 2025, he notified the Van Nuys Immigration Court, where his immigration case was pending, that he was moving to Illinois to be near family. (*Id.* ¶ 7.) He filed a written motion to change the venue of his immigration case to Illinois. (*Id.*) He received no further communications from the immigration court. (*Id.*)

On February 2, 2026, without notice to Petitioner, the Van Nuys Immigration Court held a removal hearing without Petitioner's presence and ordered him removed *in absentia.* (*Id.* ¶ 8.) On February 19, 2026, Immigration and Customs Enforcement ("ICE") re-detained him without notice, an explanation of reasons, an individualized determination, or an opportunity to be heard. (*Id.* ¶¶ 9, 11.) Petitioner has now filed a motion to reopen and rescind the *in absentia* removal order premised on his lack of notice of the hearing. (*Id.* ¶ 10.) Petitioner posits his re-detention without notice or an opportunity to be heard violates his due process rights.

//

//

26cv2824

## III. ANALYSIS

The Court agrees Petitioner's re-detention without notice or an opportunity to be heard violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

The Government argues that the length of Petitioner's detention is presumptively reasonable under *Zadvydas v. Davis*, 533 U.S. 678 (2001). However, the concern expressed in the Petition is not one of unreasonably lengthy detention but one of due process in revoking his parole.

The Department of Homeland Security ("DHS") released Petitioner in 2021 upon finding he was not a danger to the community or a risk of flight. The Government may argue that circumstances have changed because an Immigration Judge ordered Petitioner removed *in absentia*. However, Petitioner puts forth facts supporting his argument that this hearing may have been held in error, and he has now filed a motion to reopen and rescind

this removal order based on lack of notice.  If DHS believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner with an opportunity to be heard promptly before an Immigration Judge.  Hence, the Court **GRANTS** the Petition.

**IV.  CONCLUSION**

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Petitioner Shamil Masakov (A# 220-561-872) be released on the same terms and conditions as he was previously released in September 2021.

In light of this order, the Court **DENIES** the Motion for a TRO as moot.  (ECF No. 2.)  The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: May 13, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 4 -

26cv2824